# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 04-202


**MICHAEL NEWELL**

**VERSUS**

**UNITED BILT HOMES, INC.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 00-08924
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**Sullivan, J., concurs in the result.**

### AFFIRMED IN PART, REVERSED IN PART, REMANDED.


**H. Douglas Hunter**
**GUGLIELMO, LOPEZ, ET AL**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**Counsel for: Secondary Defendant/Appellant/Appellee**
**United Bilt Homes, Inc.**

**Robert Thomas Jacques,  Jr.**
**Attorney at Law**
**P. O. Box 1883**
**Lake Charles, LA 70602**
**(337) 433-4674**
**Counsel for: Plaintiff/Appellant/Appellee**
**Michael Newell**

**SAUNDERS, J.**

The issues on appeal to this court arise from a dispute about worker's compensation benefits. Michael Newell, a resident of Texas, was working on a construction project in Starks, Louisiana when he was injured on the jobsite. Mr. Newell has not returned to work and the parties dispute the availability of Louisiana worker's compensation benefits and whether or not Mr. Newell is disabled.

**FACTS**

Michael Newell, a resident of Silsbee, Texas, sustained an injury during the course and scope of his employment when he slipped off of a step ladder and fell backwards. Mr. Newell was in the process of installing sheet rock when the accident occurred. After falling, he finished installing the piece of sheet rock that he had been working with and called his employer, United Bilt Homes, Inc. (hereinafter referred to as "United"), to report the incident. United is registered with the Louisiana Secretary of State, has offices in Shreveport and Baton Rouge, and maintains a bank account in Shreveport. Mr. Newell attempted to return to work in the days following the accident; however, he ultimately stopped working and sought medical attention. Mr. Newell was treated initially at St. Elizabeth Hospital for pain in the left side of his neck and left shoulder. He was then treated on a follow-up basis by his family physician, Dr. Joseph Finley. Subsequently, the Louisiana United Business Association (hereinafter referred to as "LUBA") had Mr. Newell examined by an orthopaedic surgeon, Dr. Curtis Thorpe, and a neurosurgeon, Dr. John Raggio. A cervical MRI, which revealed multilevel degenerative disc dessication, was performed on August 9, 2001 and Dr. Raggio recommended physical therapy after seeing Mr. Newell on August 16, 2001. Mr. Newell was next seen by a

neurosurgeon, Dr. Ian Angelle, who recommended an MRI of the left shoulder and referral to both an orthopaedic surgeon specializing in the shoulder region and a pain clinic. Mr. Newell was treated for some time by Dr. Dumitru, a pain management specialist, before visiting another neurosurgeon, Dr. Luiz DeAraujo. Dr. DeAraujo ordered a cervical fusion and restricted Mr. Newell to purely sedentary types of work.

**PROCEDURAL HISTORY**

As a result of the September 18, 2000 accident, Mr. Newell filed a claim for Louisiana Worker's Compensation on November 13, 2000. United answered admitting that Mr. Newell was an employee at the time of the accident and denying that an injury was sustained. The matter was tried on February 27, 2002. Judgment was rendered on May 17, 2002 providing that Mr. Newell was entitled to Louisiana Worker's Compensation benefits, penalties of $2,000, and attorney fees of $5, 000.

United moved for a new trial on May 29, 2002 which was granted on September 11, 2002. Subsequently, on March 21, 2003, judgment was rendered vacating the previous judgment and providing that Mr. Newell was entitled to "Worker's Compensation benefits," but not "disability benefits," penalties, or attorney fees. Mr. Newell then moved for a new trial on March 26, 2003. That motion was denied on November 4, 2003. Both parties have appealed.

**PLAINTIFF'S ASSIGMENTS OF ERROR**

1) The worker's compensation judge committed manifest error and was clearly wrong in failing to award worker's compensation benefits for temporary total disability.

2) The worker's compensation judge committed manifest error and was clearly wrong in failing to grant claimant a new trial.

2

3) The worker's compensation judge committed manifest error and was clearly wrong in failing to award claimant penalties and attorney fees.

**DEFENDANT'S ASSIGNMENT OF ERROR**

1) The worker's compensation judge committed manifest error in allowing Michael Newell, a Texas resident, employed by a Texas company, to receive Louisiana worker's compensation benefits.

**LAW AND ANALYSIS**

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a judge's factual findings unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't. Of Transp. & Dev.*, 617 So.2d 880 (La.1993). This court has also concluded that interpretations of choice of law determinations are reviewed to determine if the trial court committed an error of law. *Foshee v. Torch Operating Co.*, 99-1863 (La.App. 3 Cir. 5/17/00), 763 So.2d 82, *writ denied*, 00-23014 (La. 10/27/00), 772 So.2d 658. Finally, the applicable standard of review for a trial court's ruling on a motion for new trial is abuse of discretion. *Boudreaux v. Wimberley*, 02-1064 (La.App. 3 Cir. 4/2/03), 843 So.2d 519, *writ denied,* 03-1251 (La. 9/5/03), 852 So.2d 1037. Because United's assignment of error involves a choice of law issue it will be addressed first.

**UNITED'S ASSIGNMENT OF ERROR**

United's only assignment of error concerns the trial court's finding that Louisiana law applies to the dispute and allows Mr. Newell, a Texas domiciliary, to recover Louisiana worker's compensation benefits. United correctly asserts that Civil Code article 3544 is controlling because this case involves "issues of loss distribution and financial protection." La.Civ.Code art. 3543 cmt (a); *Foshee*, 763 So.2d 82.

United alleges that both parties are domiciled in Texas; therefore, Texas law should be applied pursuant to Article 3544(1). This contention is without merit. Defendant corporation is registered with the Louisiana Secretary of State, paid plaintiff with a check drawn from a Louisiana bank, admitted being a Louisiana corporation in its answer, stipulated to being a Louisiana corporation at the trial of this matter, and withheld funds for Louisiana worker's compensation.

We find United to be domiciled in Louisiana thereby making the provisions of Civil Code article 3544(2) applicable here. That article provides that, when the parties are domiciled in different states and both the injury and the conduct causing the injury occur in one of those states, the law of the state where the injury and conduct occurred should be applied. La.Civ.Code art. 3544(2)(a). As previously noted, Mr. Newell and United are domiciled in Texas and Louisiana respectively. Furthermore, the injury occurred in Louisiana. Consequently, pursuant to article 3544(2)(a), Lousiaiana law applies to the matter at hand. The decision of the trial court in this regard is affirmed.

**PLAINTIFF'S ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO**

Plaintiff claims that the trial court erred in failing to award benefits for temporary total disability. At trial, Mr. Newell's medical records were introduced, as well as documents purportedly bearing on the choice of law issue that has already been determined by this court. Mr. Newell testified on his own behalf, as did his father-in-law, who was working with him at the time of the accident, and his wife. Defendant called no witnesses at trial. Mr. Newell relayed his treatment history to the court and testified that he was still being treated by a pain management specialist

4

and had not returned to work. His father-in-law testified to witnessing the accident. Finally, Mr. Newell's wife corroborated her husband's testimony stating that he had not returned to work despite having a strong work record in the past.

Following trial on the merits, a judgment was rendered on May 17, 2002 providing that Mr. Newell was entitled to "Louisiana Workers' Compensation benefits" and that "defendant failed to reasonably controvert" the claim resulting in assessment of penalties and attorney fees. Subsequently, defendant moved for a new trial claiming that the judgment was contrary to the law and evidence and unclear in that it did not state whether the "benefits" were for medical expenses or indemnity for disability. Specifically, defendant claimed that the OWC's award of "benefits" implicitly referred only to medical expenses because disability benefits must be specifically set forth by the court. Furthermore, defendant argued that if the trial court had indeed intended to provide disability benefits, a new trial was warranted because plaintiff had offered no proof of a disabling condition. Defendant also argued that the claim had been reasonably controverted.

Plaintiff agreed that a new trial was necessary to clarify the same language in the judgment that defendant referred to, namely that "the claimant is entitled to Louisiana Workers' Compensation benefits." Plaintiff, however, argued that the OWC clearly intended to award disability benefits as indicated by the award of penalties and attorney's fees. Both parties stipulated that all of Mr. Newell's medical expenses had been paid at the time of trial. Both parties agree that penalties and attorney fees are only available when an employer withholds benefits without reasonably controverting the issue. Accordingly, plaintiff argued that, since

defendant paid for Mr. Newell's medical expenses, the OWC could only have awarded penalties and attorney's fees for defendant's refusal to pay disability benefits without reasonably controverting that issue. Therefore, plaintiff maintained, the reference to benefits in the judgment must have been to disability benefits.

On September 11, 2002, the OWC granted defendant's motion for new trial. In lieu of conducting another trial, a second judgment was eventually rendered based upon the record alone. This second judgment vacated the prior judgment and provided that Mr. Newell was entitled to "Worker's Compensation Benefits" but not to "disability benefits." This ruling was based on the workers' compensation judge's finding of fact that the only medical evidence regarding a disability was the records from St. Elizabeth Hospital releasing Mr. Newell to return to work without restriction on September 27, 2002. The judgment further provided that penalties and attorney's fees were not due.

After rendition of the second trial judgment, Mr. Newell timely moved for a new trial arguing that the second judgment was contrary to the evidence. Plaintiff argued that a disability had been established by medical evidence and lay testimony. Plaintiff further argued that, at a minimum, he was entitled to disability benefits from the date of the accident to the time he was cleared by St. Elizabeth to return to work. On August 27, 2003, the day before Mr. Newell's motion for new trial was heard by the trial court, plaintiff filed a second memorandum in support of the motion for new trial. Attached to that memorandum was a letter from a neurosurgeon, Dr. Luiz DeAraujo, in which the doctor stated that Mr. Newell should be restricted to purely sedentary types of work. Dr. DeAraujo opined that Mr. Newell might be able to

6

return to more strenuous types of work after completing an involved recovery program. Plaintiff argued that this new evidence necessitated a new trial.

A new trial may be granted when a party discovers important evidence after the trial that could not have been discovered with due diligence before or during trial. La.Code Civ.P. art. 1972. Dr. DeAraujo's letter was not drafted until after the trial terminated; therefore, it would have been impossible for Mr. Newell to have discovered it before or during trial. The letter is dated June 18, 2003 and was addressed to Risk Management Services. The record does not indicate when this evidence was relayed from the Risk Management office to plaintiff; however, we know that it was introduced on August 27, 2003. While it is clear that the letter was introduced, the record does not indicate how much weight it was given by the trial court. Plaintiff's motion for new trial was denied without reference to Dr. DeAraujo's opinion.

We find the medical opinion of Dr. DeAraujo to be sufficiently important so as to warrant further investigation. Consequently, we hold that the trial court's denial of plaintiff's motion for new trial was an abuse of discretion given the newly discovered evidence. We reverse the trial court's denial of Mr. Newell's motion for new trial and remand this matter for further proceedings in accordance herewith.

**PLAINTIFF'S ASSIGNMENT OF ERROR NUMBER THREE**

Due to the remand of this matter for new trial, addressing plaintiff's assignment of error regarding penalties and attorney's fees would be premature at this time. These are issues for the new trial.

**CONCLUSION**

We affirm the trial court's application of Louisiana law in awarding worker's compensation benefits to Mr. Newell. We reverse the trial court's denial of Mr. Newell's motion for new trial regarding disability benefits and remand the case so that the new evidence may be considered. Costs of this appeal are assessed to defendant.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**